3:26-mj-00291

DISTRICT OF OREGON, ss: AFFIDAVIT OF LAUREN GROVER

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Lauren Grover, being first duly sworn on oath, depose and say:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with the Federal Bureau of Investigation and have been employed with the FBI since June of 2025. Since becoming a Special Agent, I have received specialized training from the FBI, to include completing the 19-week New Agent Training course at the FBI Academy in Quantico, Virginia. I am currently assigned to the Seattle Field Division at the Vancouver office where I am a member of the Columbia River Organized Crime Task Force. In this capacity, I investigate primarily violent crime, drug trafficking, and related violations. Based upon my training and experience, I am familiar with the methods criminals use to transport, market, and distribute illicit narcotics. I am also familiar with the means of communication criminals employ in pursuit of these objectives, as well as their methods of collecting proceeds and laundering funds. In my role as a Special Agent for the FBI, I have participated in many aspects of investigations, including conducting physical surveillance, managing confidential sources, interviewing witnesses, conducting controlled buys of illicit narcotics, and executing search warrants. I am an investigative law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). As such, I am empowered to conduct investigations of, and to make arrests for, violations enumerated in Title 18, United States Code, Section 2516.

2. The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement personnel; communications with others who have personal

knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this Affidavit is submitted for the limited purpose of establishing probable cause to believe that the defendant committed the crimes set forth herein, this document does not contain all of my knowledge of the larger investigation.

**PURPOSE OF AFFIDAVIT**

3. This affidavit is made in support of a criminal complaint against ANGEL BERNARD TOPETE for one count of *Possession of a Controlled Substance with the Intent to Distribute* in violation of Title 21 United States Code, Section 841(a)(1).

**SUMMARY OF PROBABLE CAUSE**

***Execution of State Vehicle Stop***

4. On October 20, 2026, Clark County Sheriff's Office (CCSO) made FBI Agents and Task Force Officers (TFOs) aware that CCSO had gotten geo data for phone number 628-726-6836. CCSO knew the phone number to be associated with drug trafficking due to information provided by a Confidential Informant (CI). Upon submitting legal process, the name of the subscriber for the phone number was Amado Montez. The CI was able to order a quantity of controlled substances from the holder of the phone number and coordinated to meet on October 22, 2026. On October 22, 2026, in the am, the cell phone began to move north towards an undisclosed meeting location in Oregon. The CI was not provided a vehicle description for what they would be traveling in. The CI was only provided that they would be willing to meet in Eugene, Oregon and would provide a specific location later. A surveillance team including FBI Agents, TFOs, Drug Enforcement Administration (DEA) Agents, Oregon State Police (OSP), and CCSO detectives were stationed along Interstate-5 North near the California and Oregon state borders in order to attempt a traffic stop on the vehicle before it reached Eugene, Oregon. Despite having the geo data, the surveillance team were unable to successfully locate the vehicle

before it arrived in Eugene, Oregon. After arriving in Eugene, the user of the phone provided the CI with the Denny's restaurant off I-5 in Eugene, Oregon as the meeting location.

5. As part of the surveillance unit, a DEA Special Agent was stationed in a vehicle just off of I-5 Exit 191 in the Denny's parking lot at 3652 Glenwood Drive, Eugene, OR 97403. At approximately 4:55 pm, an individual approached the DEA Agent's vehicle with a paper bag in hand and asked the agent if they were "Frog." The Agent let the individual know that he was not "Frog" and the individual left without knowing he had approached a DEA agent. The Agent alerted investigators of the contact and reported detailed information about the vehicle, a Honda Accord bearing California license plate 9MRS031, and the individual, a shorter Hispanic male wearing an orange hoodie, in the suspicious activity. The DEA Agent confirmed the behavior matched that of a drug deal due to the individual's approach of his vehicle and him trying to enter the vehicle with a large paper bag.

6. Soon thereafter, OSP performed a traffic stop on the Honda at the Comfort Suites Eugene University location at address 3060 E 25th Avenue, Eugene, OR 97403. Two occupants were identified inside, one being a female driver, and the passenger being Angel Bernard Topete, DOB 06/28/1981. The DEA Agent confirmed the vehicle as being the one that he reported and Topete as matching the description of the individual that approached his vehicle.

7. After the Honda was stopped, the female driver and Topete were told the car was stopped based on suspicious activity. Neither would provide consent to search the Honda. Investigators then deployed a drug-detecting K9 unit to perform an external sniff of the Honda and the K9 positively alerted on the Honda. The female driver agreed to allow investigators to search her backpack and the trunk of the Honda, but neither occupant would provide consent to search the cabin. FBI Agents and TFOs later conducted a search of the Honda.

8. During the course of the search of the Honda, a reused Amazon paper package, recognized by the DEA Agent as the same bag that Topete was holding when he first contacted the DEA Agent in the Denny's parking lot, was found in the middle of the backseat area on the floor. Inside the paper bag were two large bricks of a white substance that were taped and sealed in plastic. Based on my training and experience and the known facts of this case, I believe the bricks were cocaine – a schedule II drug. The bricks were stamped with the logo "888." Both packages had dryer sheets inside, which in my training and experience are to try and mask the smell of narcotics in an attempt to prevent detection by a K9. I also know from my training and experience that substances such as Cocaine are typically packaged in a similar manner. A small clear bag, which had a crystalline substance inside was located under the driver's seat.

9. Investigators separated the female driver from Topete to be interviewed. They were both read their *Miranda* warnings. Both understood their rights, waived them, and agreed to speak with investigators. The female driver agreed to talk with investigators and provided that she was driving her friend Topete up from San Jose, CA because he got a job working as an electrician and he was going to pay her for driving him up to Oregon. She noticed the morning that she went to pick him up that he had multiple bags in his possession, to include tool bags and paper bags. She stated she was not aware that the paper bag contained any drug-related substances. She did admit the small bag of the crystalline substance found under the driver seat was hers and was a bag of methamphetamine, and that she was an off and on again user, but that she never bought controlled substances from Topete. She also never saw Topete approach anyone at the Denny's parking lot because she went inside to use the bathroom.

10. When asked who the Honda belonged to, Topete stated the Honda came from a friend and that he was getting a ride from the female driver due to not wanting to drive after

getting a DUI. Topete was traveling to Oregon for an electrician job doing panels and lighting. Topete was unaware of any drug-related substances in the vehicle. Topete stated that he has never sold drugs. However, Topete did admit to having a federal criminal history for money laundering. Later, criminal history records confirmed that in March of 2014, Topete was convicted and sentenced for Structuring Transactions to Evade Reporting Requirements and Manufacturing a Controlled Substance (Northern District of California).

11. Following the search, Topete was booked into Multnomah County Department of Corrections (MCDC). The evidence items from the search were transported back to the Clark County Sheriff's Office in the presence of an FBI Agent and a TFO. The two bricks were weighed and found to be approximately 2,200 gross grams. The small bag from under the driver's seat was weighed and found to be approximately 8 gross grams. Investigators used a TruNarc device to test the substance in the two large bricks and received a positive result for Cocaine – a schedule II drug. The crystalline substance in the small bag was also tested and returned positive for Methamphetamine – a schedule II drug.

## CONCLUSION

12. Based on the foregoing, I respectfully submit that I have probable cause to believe and do believe that Angel Bernard Topete did knowingly and intentionally Possess with the intent to distribute Cocaine in violation of Title 21 United States Code, Sections 841(a)(1). I therefore request that the Court issue a criminal complaint and arrest warrant for Angel Bernard Topete.

13. Prior to being submitted to the Court, this affidavit, the accompanying complaint, and the arrest warrant were reviewed by Assistant United States Attorney (AUSA) Kemp L. Strickland. AUSA Strickland advised me that in his opinion the affidavit and complaint are

legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

By phone Per: Fed. R. Crim. P. 4.1
Lauren Grover
Special Agent / FBI

Subscribed and sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 12:35 a.m./p.m. on October 24, 2026.

HONORABLE JEFFREY ARMISTEAD
United States Magistrate Judge